NORTH AMERICAN MERCANTILE CO. *v.* UNITED STATES (No. 2320).[1]

EVIDENCE, PRESUMPTION FAVORS COLLECTOR—MIZUAME—GLUCOSE.

A Japanese food product known as mizuame, which is a sirup resulting from the diastasic fermentation of a starch product, was classified by the collector as a nonenumerated manufactured article under paragraph 385, tariff act of 1913, and is claimed to be dutiable under paragraph 178, directly as, or by similitude with, glucose. The evidence, however, not being sufficient to overcome the presumed correctness of the collector's classification, the judgment of the Board of United States General Appraisers overruling the protest is affirmed.

United States Court of Customs Appeals, March 3, 1924.

APPEAL from Board of United States General Appraisers, Abstract 46209.

[Affirmed.]

*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellant.
*William W. Hoppin*, Assistant Attorney General (*William H. Futrell*, special attorney, of counsel), for the United States.

[Oral argument February 15, 1924, by Mr. Hoppin.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

BLAND, Judge, delivered the opinion of the court:

An importation of a Japanese food product known as mizuame was assessed for duty at 15 per cent ad valorem as a nonenumerated manufactured article under paragraph 385 of the tariff act of 1913. The importer claimed it to be dutiable directly or by similitude at the rate of 1⅛ cents per pound as glucose under paragraph 178 for glucose or grape sugar. A sample of the merchandise was before the Board of General Appraisers, and the testimony of Henry L. Alves, the United States chemist at the port of San Francisco, was taken. This was all the evidence in the case.

The witness stated that the sample was composed of 20 per cent water, 20 per cent dextrine, and 60 per cent maltose; that there were various kinds of glucose sold in the United States which contained those constituents; that the sample was a sirup resulting from the diastatic fermentation of a starch product; that he could not say definitely but that it was sometimes called malt glucose in the literature of chemistry; that it differed from the glucose manufactured from corn in this country in that corn glucose contains 80 per cent sugar dextrine glucose, commonly called grape sugar, and that the sample contained not more than one-half of 1 per cent of dextrine glucose; that the United States product is made by treating the cornstarch with an acid, in which process there is formed dextrine malt sugar, and then by a further treatment of acid all the dextrine and malt glucose is finally boiled down into dextrine glucose or grape

---

[1] T. D. 40064.

sugar.   He declined to say whether a product of this country having about the same proportions of sugar, dextrine and fat as the sample is called glucose.

The Board of General Appraisers overruled the protest and sustained the classification as a nonenumerated manufactured article, holding that the evidence did not justify the classification as glucose by reason of similitude as provided for in paragraph 386 of the act of 1913, and that there was nothing in the evidence to warrant departing from the long-continued practice of classifying this particular commodity as a nonenumerated manufactured article.

We do not understand it to be the law that in order to classify an importation in accordance with section 386, known as the similitude clause, the goods must be in every particular similar.   It will be noted that the similitude paragraph provides "which is similar, either in material, quality, texture, or use."   It seems that the proof has failed to meet these requirements so as to bring about a reversal of the administrative policy and the judicial decisions affecting this same commodity during more than a quarter of a century.   In United States *v.* Takakuwa (2 Haw. 350; T. D. 26736) the United States Circuit Court for the District of Hawaii, in passing upon the same product, mizuame, which had been assessed as confectionery under paragraph 212 of the tariff act of July 24, 1897, declined to hold that it was confectionery or glucose, and affirmed the board in their holding that it was an unenumerated manufactured article.   In that case there was evidence that it was made of millet, rice and barley malt, and that it was used in housekeeping in place of sugar, was of service in dyeing, was recommended as food for invalids and children, and was used extensively in making candy and confectionery. The importer did not appeal from this decision.   The same commodity was passed upon in the case of Wui Chun Tong Co. (T. D. 26846), the board there holding it to be an unenumerated manufactured article, although the evidence in the case on the subject of use, etc., went much further in proving similitude than in the case at bar. The Takakuwa case, supra, was followed by the board in Stiner's case (Abstract 37227).

It is true that there is some evidence in the record showing that in several respects the commodity is similar to the article known in the commerce of the United States as glucose, and there is also some evidence of very doubtful value that a similar commodity in the United States is known as malt glucose.   We do not think the evidence sufficient to overcome the presumption of correctness of the collector's assessment.

The judgment of the Board of General Appraisers is *affirmed.*